Hillsborough
No. 89-511

## TOWN OF HUDSON

v.

## NATHAN BAKER

December 28, 1990

*Soule, Leslie, Zelin, Sayward & Loughman,* of Salem (*Michael S. Elwell* on the brief and orally), for the plaintiff.

*Robert M. Parodi,* of Hudson, by brief and orally, for the defendant.

THAYER, J.   The plaintiff, Town of Hudson, appeals from an order of the Superior Court (*Barry,* J.) ruling that the Town must bear the cost of removing a hazardous structure from the defendant's property and prohibiting the Town from recouping that cost by asserting a lien pursuant to RSA 155-B:9. The defendant, Nathan Baker, cross-appeals the court's denial of his demand for costs and attorney's fees. We reverse the superior court's order placing demolition costs on the Town and denying a lien, and we affirm the order denying the defendant's request for attorney's fees and costs.

The defendant owns several parcels of land in Hudson, including a parcel at 50 Griffin Road upon which a dilapidated two-story farmhouse was located. The Town of Hudson's Building Inspector inspected the farmhouse numerous times and concluded that the building was hazardous. In October of 1988, the Hudson Town Council passed a resolution ordering the defendant to raze and remove the structure. The demolition order was served on the defendant and filed with the Nashua District Court. The defendant filed an answer disputing the facts in the order and asking that it be dismissed or denied.

The case was tried on May 26, 1989, and the District Court (*Crocker,* Sp. J.) ordered, pursuant to RSA 155-B:9, that the defendant remove the building within fifteen days. In accordance with the statute, the district court also authorized the Town to remove the building, if the defendant failed to do so within the time specified in the order, and ordered that the town's expenses of doing so could be a lien on the property.

The defendant appealed the district court's decision to the superior court pursuant to RSA 155-B:15. The court held a trial *de novo,* and affirmed the removal order but denied the town's lien request. The Town filed a motion for reconsideration of the denial of a lien, and the defendant filed a motion requesting that the Town pay costs and attorney's fees. The superior court denied both motions. Both

parties have appealed, the Town arguing that the lien for its demolition costs is mandatory under the statute, because the building was not removed within the time allowed by the district court, and the defendant arguing his entitlement to costs and fees.

■ RSA 155-B:9 provides, "If a judgment is not complied with in the time prescribed [by the district court's order], the [Town's] governing body may cause the building to be . . . removed as set forth in the judgment. The cost of such . . . removal *shall* be a lien against the real estate on which the building is located . . . ." (Emphasis added.) The word "shall" is "a command, which requires mandatory enforcement." *In re Robyn W.*, 124 N.H. 377, 379, 469 A.2d 1351, 1352 (1983); *see also Weldy v. Town of Kingston*, 128 N.H. 325, 331, 514 A.2d 1257, 1260 (1986). Accordingly, when the defendant failed to remove the hazardous building from his property within the time allotted by the district court, the superior court did not have discretion to place the cost on the Town and to deny it a lien. The court's order as to the cost of removal and denying the lien was, therefore, erroneous as a matter of law. Under RSA 155-B:10 the district court is responsible for reviewing and approving the amount of demolition expenses which the Town may collect. We therefore remand to the superior court, which in turn is instructed to remand to the district court for approval of the amount of the lien.

■ In addition, we hold that the superior court erred in holding a trial *de novo* when no such trial was authorized by the statute. The legislature could have explicitly required a *de novo* trial on appeal to the superior court under RSA chapter 155-B, as it has done on appeals under other statutes. *See, e.g.*, RSA 169-B:29; RSA 169-D:20. "If the legislature desires a full *de novo* hearing on appeal, it knows how to require it by using those words." *Allard v. Power*, 122 N.H. 27, 28, 440 A.2d 450, 451 (1982), *quoted in Appeal of Doherty*, 123 N.H. 508, 509, 464 A.2d 1113, 1113 (1983). The superior court's scope of appellate review should have been limited to whether the district court's decision was erroneous as a matter of law or unsupported by the evidence. *See Liberty Mut. Ins. Co. v. Custombilt, Inc.*, 128 N.H. 167, 169, 512 A.2d 1098, 1099 (1986).

■■ Finally, we affirm the superior court's order denying the defendant's post-judgment demands for costs and attorney's fees. The superior court did not abuse its discretion in denying the defendant's request for costs and fees. *See* SUPER. CT. R. 59; *Chemical Bank v. Rinden Prof. Ass'n;* 126 N.H. 688, 700, 498 A.2d 706, 715

(1985). The superior court also correctly denied defendant's request for damages, because the motion was not filed until seventeen days after the date of the court's decision. Superior Court Rule 59-A(1) requires that such a motion be filed within ten days of the court's decision. Defendant's request was, therefore, untimely and properly dismissed by the superior court.

*Affirmed in part; reversed in part; remanded.*

All concurred.