Grafton
No. 96-823

THE STATE OF NEW HAMPSHIRE

v.

HENRI PAUL TALLARD, JR.

December 23, 1998

*Philip T. McLaughlin*, attorney general (*John C. Kissinger*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, public defender, of Dover, by brief and orally, for the defendant.

MEMORANDUM OPINION

JOHNSON, J. The defendant, Henri Paul Tallard, Jr., appeals the imposition of an extended prison term for assaulting a county correctional officer. We affirm.

On December 24, 1995, Tallard was incarcerated in the Grafton County House of Corrections, where he assaulted Correctional Officer Edward Peterson and used him as a hostage in an attempt to escape. Following a jury trial in Superior Court (*Smith*, J.), Tallard was convicted of the felony of assault by a prisoner, *see* RSA 642:9 (1996), and attempted escape, *see* RSA 629:1 (1996); RSA 642:6 (1996). Tallard was sentenced to consecutive terms of seven and a half to fifteen years on the attempted escape charge and ten to thirty years on the assault charge. The assault sentence reflects the sentence enhancement provided for in RSA 651:6, I(h) (1996) (amended 1998). Tallard appeals the enhanced sentence.

RSA 651:6, I(h) provides:

> If a court finds that a convicted person is 18 years of age or older, he may be sentenced according to paragraph II if the court also finds, and includes such findings in the record, that:
>
> . . . .
>
> (h) He has knowingly committed or attempted to commit any of the crimes defined in RSA 631 [*i.e.*, assault and related offenses] where he knows the victim was, at the time of the commission of the crime, a law enforcement officer acting in the line of duty.

Paragraph II, in turn, authorizes a sentence of ten to thirty years for any felony other than murder. RSA 651:6, II(a) (1996). A felony conviction under RSA 642:9 for assault by a prisoner includes an assault under RSA chapter 631. *See* RSA 642:9, III. This appeal presents us with a single question: whether a county correctional officer is a law enforcement officer within the meaning of RSA 651:6, I(h).

"On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Farrow*, 140 N.H. 473, 474, 667 A.2d 1029, 1031 (1995) (quotation omitted). "[W]e look first to the language of the statute." *Appeal of Soucy*, 139 N.H. 110, 116, 649 A.2d 60, 63 (1994). Neither RSA 651:6, I(h) specifically nor RSA chapter 651 generally defines the term "law enforcement officer." Therefore, we consider other statutes dealing with the same subject matter within the Criminal Code (Code) to interpret the term "law enforcement officer." *See Farrow*, 140 N.H. at 475, 667 A.2d at 1031; *Barksdale v. Town of Epsom*, 136 N.H. 511, 515-16, 618 A.2d 814, 817 (1992). "Our task is to construe the criminal code provisions according to the fair import of their terms and to promote justice." *Farrow*, 140 N.H. at 476, 667 A.2d at 1032 (quotation omitted); *see* RSA 625:3 (1996).

The State argues that we should construe RSA 651:6, II consistently with RSA 630:1, II, which provides the only definition of law enforcement officer contained in the Code. That section, which sets forth the offenses constituting capital murder, provides that "a 'law enforcement officer' is a sheriff or deputy sheriff of any county, a state police officer, a constable or police officer of any city or town, an official or employee of any prison, jail or corrections institution, a probation-parole officer, or a conservation officer." RSA 630:1, II (1996). Tallard argues that we should look to the definitions of "[p]olice officer," *see* RSA 188-F:23, I (1989), and "State corrections

officer," *see* RSA 188-F:23, IV (Supp. 1998), and that we should limit application of the enhanced sentence statute to those individuals who he claims "bear[] the duty of enforcement of public laws." Applying his definition, Tallard argues that the term "law enforcement officer" should be limited to the definition most similar to his, namely, a "police officer."

Construing the term "law enforcement officer" according to the fair import of the term and to promote justice, *see Farrow*, 140 N.H. at 476, 667 A.2d at 1032, we look to the general understanding of the term "law enforcement officer," which includes "[t]hose whose duty it is to preserve the peace." BLACK'S LAW DICTIONARY 885 (6th ed. 1990). Under a fair reading of the term, for purposes of RSA 651:6, we interpret "law enforcement officer" as including individuals who exercise the police power to preserve peace and order, whether they be state or local police officers, sheriffs, or correctional officers.

■  Our interpretation of "law enforcement officer" also promotes justice. Concurrent with the adoption of RSA 651:6, I(h), the legislature adopted RSA 651:6, I(i). *See* Laws 1992, ch. 3. RSA 651:6, I(i) allows for imposition of an enhanced sentence for "an on-duty law enforcement officer at the time that he committed or attempted to commit any of the crimes defined in RSA 631." It is reasonable that the legislature not only wanted to impose greater punishment on those who commit crimes against law enforcement officers, but also wanted to impose greater punishment on law enforcement officers who commit crimes against others, including those in official custody. Under our construction of "law enforcement officer," on-duty correctional officers who assault inmates can receive enhanced sentences. *See* RSA 651:6, I(i). Accordingly, we conclude that assaults by inmates on county correctional officers who are "acting in the line of duty" may be punished by enhanced sentences. *See* RSA 651:6, I(h).

*Affirmed.*

BRODERICK, J., and BROCK, C.J., dissented; the others concurred.

BRODERICK, J., and BROCK, C.J., dissenting: The majority holds that a county correctional officer is a "law enforcement officer" under RSA 651:6, I(h) (1996) (amended 1998), thus subjecting an inmate convicted of assaulting a correctional officer to an enhanced sentence under RSA 651:6, II (1996). The majority grounds its holding on a dictionary definition and the language of RSA 651:6, I(i) (1996) (amended 1998), which subjects a law enforcement officer to

an enhanced sentence for any assault he or she may commit. Concluding that its interpretation reflects the "fair import" of the term "law enforcement officer" and "promotes justice," the majority affirms the defendant's enhanced sentence. We respectfully disagree.

We concur with the majority that neither RSA 651:6, I(h) nor RSA chapter 651 defines the term "law enforcement officer." Under the generally accepted rules of statutory construction, we would ordinarily look first to the plain language of the statute. *Appeal of Soucy*, 139 N.H. 110, 116, 649 A.2d 60, 63 (1994). Because such an exercise is not helpful here, we agree with the majority that it is appropriate to seek guidance in other statutes in the Criminal Code (Code) dealing with the same subject matter. *See State v. Farrow*, 140 N.H. 473, 475, 667 A.2d 1029, 1031 (1995). We, too, look to RSA 630:1, II (1996), which sets forth the offenses constituting capital murder, for assistance in determining whether correctional officers are "law enforcement officers." RSA 630:1, II, in its entirety, provides:

> As *used in this section*, a "law enforcement officer" is a sheriff or deputy sheriff of any county, a state police officer, a constable or police officer of any city or town, an official or employee of any prison, jail or corrections institution, a probation-parole officer, or a conservation officer.

(Emphasis added.)

The majority ignores the limiting nature of the introductory phrase to this statute. We believe it evinces a legislative intent to distinguish its definition of "law enforcement officer" from that generally in force in the remainder of the Code. The capital murder statute has an expansive definition of "law enforcement officer," which is broad enough to include any employee of a prison, jail, or corrections institution. Certainly the majority would not propose that such an inclusive definition apply to sentence enhancement under RSA 651:6, II. Although it is apparent that the legislature intended to cast a wide net to protect a diverse population by the ultimate sanction, the capital murder statute cannot fairly support the inference that correctional officers are "law enforcement officers" for all purposes any more than it could be read to conclude that any employee of a prison, jail, or corrections institution is a "law enforcement officer" for all purposes.

The legislature has elsewhere in the Code referred to correctional officers (guards) in a manner distinct from law enforcement officers, leaving the clear impression that they enjoy a different status. *See*

RSA 627:5, V (1996) (justifying certain uses of force by "a guard or law enforcement officer" in a corrections facility); *see also* RSA 30-B:11 (1988) (noting that "law enforcement officers and guards in county correctional facilities" may use force as provided in RSA 627:5). Such circumstances, coupled with the limiting language in the capital murder statute, demonstrate that when the legislature wants the term "law enforcement officer" to apply to correctional facility officers, it knows how to say so explicitly. *Cf. Town of Hudson v. Baker*, 133 N.H. 750, 752, 584 A.2d 177, 179 (1990) (if legislature wanted to provide for *de novo* review, it would have done so explicitly).

Admittedly, it seems anomalous for the legislature to have authorized an enhanced sentence for the murder of a correctional officer but not to have authorized an enhanced sentence when such an officer is assaulted. However, the legislature apparently made the same policy decision for a large number of other people protected by the sanction of capital punishment under the capital murder statute. We assume the legislature's distinction between guards and law enforcement officers elsewhere in the Code was not gratuitous but deliberate.

It is not for us to extend the protection an enhanced sentence may well provide to correctional officers, however advisable such an extension might be. It is the clear prerogative of the legislature to act and it appears, using the ordinary rules of statutory construction, that RSA 651:6, II does not authorize the imposition of an enhanced sentence under the facts of this case.

To the extent the applicable legislation creates an unwitting and unintended discrepancy, the legislature has the power to enact an effective remedy. *Cf. Eldridge v. Eldridge*, 136 N.H. 611, 615, 620 A.2d 1031, 1033 (1993) (noting legislature has the power to change the remedy for enforcing a child support obligation). Accordingly, we respectfully dissent.