Rockingham
No. 98-016

### AMERICAN EXPRESS TRAVEL

v.

### DAVID MOSKOFF

September 13, 1999

*Barry I. Harkaway*, of Nashua, by brief and orally, for the plaintiff.

*Cleveland, Waters and Bass, P.A.*, of Concord (*William B. Pribis* and *David W. Rayment* on the brief, and *Mr. Pribis* orally), for the defendant.

HORTON, J. The defendant, David Moskoff, appeals a Superior Court (*Gray*, J.) order granting final default judgment to the plaintiff, American Express Travel. We vacate and remand.

In the spring of 1997, the plaintiff commenced an action against the defendant to collect a credit card debt alleged in the amount of $96,777.89 plus attorney's fees. In August 1997, the plaintiff served interrogatories upon the defendant, who failed to answer the interrogatories within thirty days. *See* SUPER. CT. R. 36. Pursuant to Superior Court Rule 36 (Rule 36), the plaintiff moved for conditional default, which the trial court granted. Within ten days, the defendant responded to the interrogatories and moved to strike the conditional default. The plaintiff objected. In November 1997, the trial court granted final default judgment to the plaintiff, having found that the defendant's answers to the interrogatories were "woefully inadequate." The defendant appeals.

We review the trial court's decision for abuse of discretion. *See American Bd. of Trade, Inc. v. Dun & Bradstreet, Inc.*, 122 N.H. 344, 346, 444 A.2d 550, 551 (1982).

When a party's failure to answer interrogatories has resulted in a conditional default, Rule 36 provides that "[t]he conditional default shall be vacated if the defaulted party answers the interrogatories within ten days of receiving notice thereof and moves to strike the conditional default." SUPER. CT. R. 36. "Shall" denotes a mandatory duty. *See Town of Hudson v. Baker*, 133 N.H. 750, 752, 584 A.2d 177, 178 (1990). Thus, the trial court must vacate a conditional default if the defaulted party answers the interrogatories within the prescribed period and moves to strike the default.

Neither party disputes that the defendant responded to the interrogatories and moved to strike the default within the prescribed period. The issue before us is whether the defendant "answered" the interrogatories. If so, then the trial court was required to vacate the conditional default.

The plaintiff propounded twenty interrogatories, four of which the defendant objected to on relevance grounds and one on the ground

that it was protected as work product. The plaintiff first contends that the defendant waived his right to object to the questions by failing to move to strike them before the conditional default was granted.

Rule 36 allows a party who objects to any of the questions "either [to] answer the question by stating [that] it is improper, or . . . within twenty days after the service of interrogatories upon him, move to strike any question, setting out the specific grounds of objection." SUPER. CT. R. 36.

The twenty-day period clearly applies only to an objection by motion to strike, and since the defendant did not timely make such a motion, he waived his right to object by this method. An objection may also be made in the interrogatory response, however, and it is not subject to a time limitation.

■ Rule 36 further provides:

> Interrogatories, which are not stricken, shall be answered within . . . thirty days . . . or within such time as the Court directs. The propounder of a question answered by a statement that it is improper may, within twenty days after service of the answers upon him, move to compel an answer to the question . . . .

*Id.* The plaintiff argues that because "[i]nterrogatories, which are not stricken" must be answered within thirty days of their service, the defendant waived his right to object in any manner once the thirty days had passed. That language, however, refers to questions that are not "stricken" by the trial court in response to a party's motion. The following sentence indicates that questions answered by an objection may be subject to motions to compel an answer but there is no language that provides a party must object within thirty days or waive his right to do so. We conclude, therefore, that an objection by answer may be made before or after a conditional default has been granted.

The plaintiff also contends that the defendant's responses were substantively too inadequate to constitute "answers." We disagree. Rule 36 does not require that answers satisfy a standard of adequacy to avoid a final default judgment, and we conclude the trial court erred to the extent it based its decision on such a standard. The rule requires only that the defaulted party "answer[]" the interrogatories. The plain meaning of "answer" is "to speak or write in reply to something said or written by another." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 90 (unabridged ed.

1961). The threshold to satisfy Rule 36 is minimal: a party need only answer in good faith pursuant to the rule's general requirement that a party avoid conduct that is "frivolous or taken for the purpose of delay." SUPER. CT. R. 36.

Here, the defendant answered every question. When objecting, he stated the grounds of his objection. In response to the remaining questions, he disclosed his name and address and acknowledged that he had incurred charges on his credit card account in the amount of $93,970. He denied owing any money to the plaintiff, however, and set forth his factual defenses. Although he objected to disclosure of his legal defenses, he directed the plaintiff to examine a pleading previously filed with the court. In response to an inquiry of his intended trial witnesses, he answered that they were yet undetermined but that he would notify the plaintiff when the determination was made. While his responses may not have been as detailed as the plaintiff desired, they show sufficient good faith.

The plaintiff maintains that the defendant's statement that he paid off a debt for $97,777 with a $66.69 check was evidence of bad faith, especially in light of the defendant's subsequent disclosure of an additional alleged agreement to settle the debt with the plaintiff. The defendant was asked to disclose his factual defenses, and he responded by alleging certain facts and reserving the right to raise additional defenses. That is sufficient to meet the requirements of Rule 36 to avoid final default. The degree of credibility in the defendant's statements goes instead to the merits of the case. Moreover, while any subsequent discovery of misconduct by the defendant in withholding information may become a basis for sanctions, it does not justify a final default judgment improperly granted under Rule 36. Cf. Daigle v. City of Portsmouth, 131 N.H. 319, 326, 553 A.2d 291, 295 (1988).

While we acknowledge the hardships caused by parties who engage in seemingly improper discovery tactics, Rule 36 should not be so easily construed to curtail the trial process. "It is important that cases be decided on their merits, that a party have his day in court and that rules of practice and procedure shall be tools in aid of the promotion of justice rather than barriers and traps for its denial." Douglas v. Douglas, 143 N.H. 419, 425, 728 A.2d 215, 219 (1999) (quotation omitted). Our policy favoring resolution of disputes on their merits, however, does not diminish the obligation of parties to comply with discovery rules. Cf. Daigle, 131 N.H. at 326, 553 A.2d at 295. Accordingly, even if a party avoids final default judgment, other less severe remedies are available to discourage nonresponsive answers or other abuse of Rule 36.

Rule 36 provides that if a party objects to a question as improper, the propounder of the question may move to compel an answer. *See* SUPER. CT. R. 36. The propounder may also move to compel a more specific answer if a question has not been answered with sufficient clarity. *See id.* The trial court may award reasonable expenses to a party who files a motion that was necessitated by the opposing party's frivolous or dilatory conduct. *See id.*

Finally, the defendant raises constitutional due process claims that we do not reach because we decide the case on non-constitutional grounds. *See Appeal of Barry*, 142 N.H. 284, 285, 700 A.2d 296, 297 (1997).

*Vacated and remanded.*

All concurred.