Hillsborough-southern judicial district
No. 2003-162

### THE STATE OF NEW HAMPSHIRE

v.

### ROBERT W. NELSON

Argued: November 19, 2003
Opinion Issued: February 20, 2004

*Peter W. Heed,* attorney general (*Susan P. McGinnis,* assistant attorney general, on the brief and orally), for the State.

*Wilson, Durkin & Bush, P.C.,* of Nashua (*Timothy E. Bush* on the brief and orally), for the defendant.

BRODERICK, C.J. The defendant, Robert W. Nelson, appeals his conviction for receipt of stolen property, *see* RSA 637:7, I (1996), arguing that the Superior Court (*Hampsey,* J.) erred in denying his motions to dismiss and for a directed verdict. We affirm.

The record supports the following facts. In early 2001, the defendant entered his tenants' apartment with their permission to install a ceiling fan. When the couple left, the defendant entered their bedroom and, without permission, took possession of several intimate photographs of the female tenant, which he found on top of a dresser. He brought the pictures to his nearby apartment, scanned them into his computer, and then returned them to their original location. Several months later, the tenants learned of the defendant's actions and reported the matter to the police. The defendant admitted what he had done when the police confronted him.

The State subsequently charged the defendant by information, alleging that he

> commit[ed] the crime of Receiving Stolen Property in that he knowingly retained seven (7) photographic images, the property of [the tenant], knowing or believing that said images had been stolen, with a purpose to deprive [the tenant] thereof . . . .

The defendant moved to dismiss the charge, contending that the computer-scanned photographic images were not "property" as defined under the theft statute, RSA 637:2 (1996), and that the State could not prove the remaining elements of the crime. After noting that "[m]any of the issues raised by the defendant[] [were] trial issues [appropriately left to] the jury," the trial court denied the motion. In its ruling, the court concluded that the information described property as defined in the theft statute, because the computer-scanned photographic images had "value" and constituted "intangible personal property."

The trial court subsequently conducted a bench trial because the defendant did not contest the facts. After the State presented its offer of proof, the defendant moved for a directed verdict, contending, as a matter of law, that his conduct did not constitute receipt of stolen property. The court denied the motion and found him guilty as charged. This appeal followed.

■ On appeal, the defendant argues that the computer-scanned photographic images generated from the original photographs are not "property" within the meaning of the theft chapter. He further contends that the State's evidence, as a matter of law, did not establish either that the images he retained on his computer constituted "property of another," or that he had a "purpose to deprive" the owner of the photographic images. The defendant's arguments challenge the application and interpretation of the theft statute to uncontested facts. Thus, the matter before us involves questions of law which we review *de novo. State v. Boulais*, 150 N.H. 216, 218 (2003).

Receipt of stolen property occurs when:

> A person ... receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it has probably been stolen, with a purpose to deprive the owner thereof.

RSA 637:7, I. To secure a conviction, the State must prove that a defendant possessed property of another which he knew was stolen or believed was probably stolen, and that he did so with the purpose to deprive the rightful owner of its possession. *State v. Stauff*, 126 N.H. 186, 189 (1985).

We first address whether the computer-scanned photographic images, as distinguished from the photographs themselves, constitute "property" under the theft chapter. "Property," as defined by statute,

> means *anything of value*, including real estate, tangible and intangible personal property, captured or domestic animals and birds, written instruments or other writings representing or embodying rights concerning real or personal property, labor, services, or otherwise containing any thing of value to the owner, commodities of a public utility nature such as telecommunications, gas, electricity, steam, or water, and trade secrets, meaning the whole or any portion of any scientific or

technical information, design, process, procedure, formula or invention which the owner thereof intends to be available only to persons selected by him.

RSA 637:2, I (emphasis added).

It is our task to determine the intent of the legislature as expressed in a statute. *State v. Beckert*, 144 N.H. 315, 316 (1999). In doing so, we consider the words and phrases used by the legislature within the context of the statute as a whole to effectuate the statute's underlying purpose. *Boulais*, 150 N.H. at 218. When a particular term is undefined "we assign [to it] its plain and ordinary meaning." *Beckert*, 144 N.H. at 317. We construe Criminal Code provisions "according to the fair import of their terms and to promote justice," *State v. Tallard*, 143 N.H. 228, 229 (1998), and also consider "the evil or mischief the statute was designed to remedy," *Boulais*, 150 N.H. at 218.

"Property" is broadly defined under the theft chapter as "anything of value," including "intangible personal property." RSA 637:2, I. With respect to "value," the trial court concluded that

the images have commercial or market value as they would have some value if they were sold on the internet or otherwise. Even if the images did not have commercial or market value, they certainly have value to the owner, whoever that may be.

The defendant does not challenge the trial court's conclusion that the photographic images described in the information have "value." Indeed, the images scanned into the defendant's computer were private and intimate and were taken from the tenants' bedroom, a place the defendant was neither invited nor privileged to enter. Having conceded "value," the defendant cannot now contend that the photographic images did not constitute "property" under the theft statute.

The defendant next argues that the scanned images on his computer cannot, as a matter of law, constitute "property of another." Although he concedes that the original photographs from which he scanned the images belonged to another, he believes the images recovered from his computer belong to him because he created them in his own home and on his own computer. He contends that the "[original] photographs and the images on [his] computer hard drive are two very different, separate and distinct things." We disagree.

The defendant was charged and convicted of retaining stolen photographic images. His conduct in scanning the images on the photographs did not change the stolen nature of those images. The

defendant simply used computer technology to, in essence, duplicate the images captured in the photographs, and thereby change the medium on which the images appeared. Though the medium changed from photographic paper to a computer, the photographic images themselves remained "property of another." He gained no lawful proprietary or possessory interest in the images simply by using his own equipment in his own residence to reproduce images captured on photographs he admittedly took without permission. The facts of this case certainly allow for the conclusion that the defendant retained property, *i.e.*, photographic images scanned and stored on his computer, "in which [a] person other than [the defendant] ha[d] an interest which [he was] not privileged to infringe." RSA 637:2, IV (definition of "property of another"). Therefore, we reject the defendant's argument that the photographic images he retained cannot, as a matter of law, constitute "property of another."

The defendant further contends that the evidence presented by the State cannot, as a matter of law, prove that he had a "purpose to deprive" his tenant of the photographic images he scanned onto his computer. "Purpose to deprive" means, in relevant part, "to have the conscious object . . . [t]o withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost." RSA 637:2, III. The defendant contends that because he returned the original photographs containing the same images, his tenant was able to continue to make use of the images, and thus he could not have had the intent to deprive her of the economic value, or of the use and benefit of the images. Again, we find no merit in the defendant's position.

■ The rights associated with property ownership include the rights to possession, use, and enjoyment. *See Buskey v. Town of Hanover*, 133 N.H. 318, 322 (1990). Integral to ownership, therefore, is the right to exclude others from possessing, using and enjoying a particular item of property. Thus, the owner of the photographs at issue had the right to select who would have access to view them. Though the defendant returned the original photographs, he kept a computer reproduction of the captured images, without permission, and it is these images he was convicted of unlawfully retaining. Therefore, the evidence was sufficient as a matter of law to support the conclusion that the defendant harbored a conscious object "[t]o withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost." RSA 637:2, III(a).

■ Finally, the defendant argues that "[d]ue to the lack of any provision in the statute to proscribe [his] conduct in creating these images from his unauthorized borrowing of [the] photographs, [he] could not have known he was stealing the images." Before the trial court, however, the defendant only challenged whether the undisputed facts could establish the elements of receiving stolen property as a matter of law. He advanced no separate argument challenging whether the plain language of the theft chapter provided sufficient notice that his conduct could constitute criminal behavior. Accordingly, he failed to preserve this argument for appellate review. *See State v. Westover*, 127 N.H. 130, 131 (1985) (court will not consider on appeal arguments or issues not raised below).

*Affirmed.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred; BROCK, C.J., retired, specially assigned under RSA 490:3, concurred.