Durham District Court
No. 2004-150

THE STATE OF NEW HAMPSHIRE

v.

WADE HUDSON

Submitted: December 6, 2004
Opinion Issued: January 25, 2005

*Kelly A. Ayotte*, attorney general (*Philip P. Bradley*, assistant attorney general, on the brief), for the State.

*Law Offices of Richard N. Foley*, of Portsmouth (*Richard N. Foley* on the brief), for the defendant.

DUGGAN, J. Following a bench trial in Durham District Court (*Taube,* J.), the defendant, Wade Hudson, was convicted of criminal mischief, RSA 634:2 (Supp. 2004) and sentenced to pay a $200 fine. The sole issue on appeal is whether the evidence was sufficient to prove that the defendant damaged the property of another. We affirm.

The record supports the following facts. On October 2, 2003, Scott Shamesman arranged to meet the defendant, a contractor, at Shamesman's home to give him an estimate for certain renovations. Shamesman left work to meet the defendant at the agreed-upon time of 1:00 p.m., but the defendant did not arrive until 1:45 p.m. Shamesman met the defendant outside where a brief conversation ensued about the defendant's tardiness, during which Shamesman said, "It would have been nice if you had called to let me know that you were late." At that point, the defendant, without saying anything, got back into his truck, backed up to turn the truck around and then sped quickly away. As he did so, his truck went off the paved portion of the driveway, ran over a small bush and left a tire mark on the lawn.

Shamesman reported the incident to the Durham police. Officer Michael Lyczak went to Shamesman's property to take photographs and observed a spin-out mark on one side of the driveway, a long continuous spin-out mark on the other side of the driveway and one small recently-planted shrub that had been "run over." Officer Lyczak said that he could either issue a summons or ask the defendant to apologize. Shamesman chose the latter. That same afternoon, Officer Lyczak telephoned the defendant and explained Shamesman's concern. When he told the defendant that if he apologized, Shamesman was "willing to let things go," the defendant started yelling that he was not going to apologize, that he did not cause the damage and that it could have been Shamesman who caused the damage. Officer Lyczak then proceeded with the criminal mischief complaint.

On appeal, the defendant argues that there was insufficient evidence to prove that "anything of value" was damaged by him. Specifically, the defendant relies upon the statutory definition of property, which means "anything of value," RSA 637:2, I (1996), to argue that the State was required to prove pecuniary loss.

The State argues that under the relevant variant of criminal mischief, it did not have to prove pecuniary loss, but merely damage to the property of another, and that the evidence was sufficient to support that element. We agree.

Resolution of the issue requires us to interpret the criminal mischief statute and then to decide whether the evidence adduced at trial was

sufficient to prove the required elements. In matters of statutory interpretation, we first examine the language of the statute. *Blackthorne Group v. Pines of Newmarket*, 150 N.H. 804, 806 (2004). When a statute's language is plain and unambiguous, we need not look beyond it. *Id.* We construe Criminal Code provisions "according to the fair import of their terms and to promote justice." RSA 625:3 (1996); *see State v. Nelson*, 150 N.H. 569, 572 (2004). We review the trial court's interpretation of a statute *de novo. Hutchins v. Peabody*, 151 N.H. 82, 84 (2004).

The general definition of criminal mischief in RSA 634:2, I, states: "A person is guilty of criminal mischief who, having no right to do so nor any reasonable basis for belief of having such a right, purposely or recklessly damages property of another." Property is defined in relevant part as "anything of value, including real estate." RSA 637:2, I; *see* RSA 634:2, IV (1996). The statute also provides different grades of criminal mischief. Under RSA 634:2, II(a) (1996), criminal mischief is a class B felony if the person purposely causes "[p]ecuniary loss in excess of $1000." Under RSA 634:2, II-a (1996), criminal mischief is a class A misdemeanor if the person purposely causes or attempts to cause "pecuniary loss in excess of $100 and not more than $1000." Finally, under RSA 634:2, III (1996), "[a]ll other criminal mischief is a misdemeanor."

The criminal mischief statute is structured so that the more serious variants of criminal mischief are defined in terms of pecuniary loss. *See* RSA 634:2, II(a); RSA 634:2, II-a. The amount of the pecuniary loss establishes the grade of the offense. *See State v. French*, 146 N.H. 97, 99-100 (2001). Thus, to seek conviction of a more serious variant, the State must charge and prove the amount of the pecuniary loss beyond a reasonable doubt. *Cf. State v. Belanger*, 114 N.H. 616, 619 (1974).

In this case, however, the defendant was charged with the least serious variant of criminal mischief. *See* RSA 634:2, III. Section III, unlike sections II and II-a, does not require the State to prove pecuniary loss. Thus, the plain language of section III does not support the defendant's argument. We conclude that under section III of the criminal mischief statute, the State did not have to prove a specific pecuniary loss.

Next, we must determine whether there was sufficient evidence to prove that the defendant "recklessly damage[d] property of another." RSA 634:2, I. To determine whether the evidence was sufficient in this case, we examine the evidence in the light most favorable to the State. *State v. Hull*, 149 N.H. 706, 712 (2003). We also take all inferences from the evidence in the light most favorable to the State. *Id.*

Here, Shamesman testified that the defendant ran over a small bush and left tire marks on the driveway and lawn. Officer Lyczak likewise testified that he observed that there were tire marks on the driveway and a small shrub had been "run over." From this testimony, the trier of fact could infer that the lawn and bush in Shamesman's yard had been damaged. While there was no evidence of a specific monetary amount of damage, the State did not have to prove that under RSA 634:2, III. It was also a fair inference from the evidence presented that the lawn and bush had value. *See* RSA 637:2, I. Thus, there was sufficient evidence supporting the conviction.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and GALWAY, JJ., concurred.