# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0643, <u>Dexter Cronin v. Town of Conway</u>, the court on April 1, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The appellant, Dexter Cronin (owner), appeals an order of the Superior Court (<u>Temple</u>, J.) upholding decisions of the Circuit Court (<u>Albee</u>, J.) to summarily enforce an order issued by the appellee, the Town of Conway (town), to repair or remove a hazardous building (town order). <u>See</u> RSA 155-B:7 (2014). We construe the owner's brief to argue that the town order was defective because it failed to "specify[ ] the necessary repairs" that he was required to make, RSA 155-B:3 (2014), and that the circuit court erroneously relied upon evidence of issues not identified in the town order to cure the defect. The town counters that the owner has waived these arguments.

RSA chapter 155-B (2014) empowers a town to address hazardous buildings within it. It authorizes a town to serve an order upon the owner of a hazardous building requiring the owner to repair or remove the building. RSA 155-B:4. The order must "state, in writing, the grounds therefor, specifying the necessary repairs, if any." RSA 155-B:3. It must also inform the recipient that "a motion for summary enforcement of the order will be made . . . unless corrective action is taken, or unless an answer is filed" within 20 days. <u>Id</u>. A person served with such an order has 20 days in which to serve an answer "specifically denying such facts in the order as are in dispute." RSA 155-B:6. If the owner fails to serve an answer, the town "may move the court for the enforcement of the order," and "the court may, upon the presentation of such evidence as it may require, affirm or modify the order and enter judgment accordingly." RSA 155-B:7.

In this case, the town issued an order pursuant to RSA 155-B:2. The superior court found, and the owner does not contest, that he received the town order and did not answer it. The town then moved in the circuit court for summary enforcement under RSA 155-B:7, seeking to remove a portion of the owner's building. Although the owner now argues that he completed the repairs required by the town order, the superior court found, and the owner does not contest, that he did not object to the motion for summary enforcement, which the circuit court granted. The owner did not appeal that order.

Approximately four months later, the town moved to amend the summary enforcement order, to allow it to remove the entire building. The superior court found, and the owner does not contest, that he did not object to that motion, which the circuit court granted. The owner then appealed to superior court, see RSA 155-B:15, which remanded the matter to the circuit court for an evidentiary hearing, which the parties requested. On June 25, 2014, the circuit court held an evidentiary hearing and upheld the town order and both the prior summary enforcement orders. The owner has not provided transcripts of either the superior court or the circuit court hearing.

The owner again appealed to the superior court, which affirmed the circuit court, finding that its "orders are all supported by the evidence produced at the hearing held on June 25, 2014" and that "[t]here is not any legal or factual basis upon which to vacate [those] orders." We review the superior court's decision to determine whether it was erroneous as a matter of law or unsupported by the evidence. See Town of Hudson v. Baker, 133 N.H. 750, 752 (1990).

On this record, we agree with the town that the owner has waived his argument that the town order was facially defective. Issues must be raised at the earliest possible time because trial forums should have a full opportunity to come to sound conclusions and to correct claimed errors in the first instance. O'Hearne v. McClammer, 163 N.H. 430, 438 (2012). Parties are not entitled to take later advantage of error they could have discovered or chose to ignore at the very moment when it could have been corrected. In the Matter of Mannion & Mannion, 155 N.H. 52, 54 (2007).

In this case, the owner received express, written notice that, if he failed to answer the town order, the town would seek to summarily enforce it. Under RSA 155-B:7, the circuit court's decision enforcing a town order becomes a judgment. Here, the owner failed to answer the town order, to object to the motion for summary enforcement, to move for reconsideration, or to appeal the original summary enforcement order. Cf. LaMontagne Builders v. Bowman Brook Purchase Group, 150 N.H. 270, 274 (2003) (holding defendants' argument that they lacked notice opposing party was seeking damages and attorney's fees not preserved when defendants failed to raise it when opposing party submitted its findings of fact and rulings of law requesting damages and attorney's fees and failed to move for reconsideration after court issued order awarding same). Thus, the owner cannot now challenge the facial validity of the town order. Cf. In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (holding respondent precluded from challenging default judgment and final order when he failed to timely challenge them). The circuit court's judgment enforcing the town order was premised upon its sufficiency. Because the owner did not challenge the town order or the circuit court's judgment in a timely fashion, he is precluded from doing so now.

Furthermore, the owner has failed to provide transcripts from the superior court hearing or the circuit court evidentiary hearing. It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the appealing party's burden on appeal to provide a record that is sufficient to decide the issues he is raising and to demonstrate that he raised those issues in the trial court. <u>Id.</u>; <u>see</u> <u>Sup. Ct. R.</u> 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997). These rules are not relaxed for self-represented parties. <u>See</u> <u>Birmingham</u>, 154 N.H. at 56-57. Accordingly, we assume that the superior court's order affirming the circuit court's summary enforcement order was supported by the evidence, and we find no error of law.

Likewise, the owner has waived his argument that, at the June 25, 2014, evidentiary hearing, the town "changed the factual substance . . . for the hazardous and dilapidated designation" and, as a result, he "was never allowed an opportunity to repair the issues presented" at the hearing. Because the owner has not provided a transcript of that evidentiary hearing, we are unable to evaluate his assertions regarding the hearing. Nor can we determine from the record before us whether he made this argument to the trial court. <u>See</u> <u>Bean</u>, 151 N.H. at 250. Accordingly, we decline to address it. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 48 (2003).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

3