**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0434, <u>Scott Eaton v. Carin Hallam White</u> <u>& a.</u>, the court on February 15, 2017, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse and remand.

The defendants, Carin Hallam White and Matthew White, appeal the payment order of the Circuit Court (<u>Patten</u>, J.) entered against them in favor of the plaintiff, Scott Eaton. Among other arguments, the defendants contend that the court erred in: (1) denying defendant Matthew White's motion for reconsideration of the default judgment entered against him; and (2) entering a default judgment against defendant Carin White.

The record shows that the plaintiff filed a small claim complaint against the defendants, his former tenants, seeking $7,500 for nonpayment of rent and damages to the leased premises. The return date, the date by which the defendants were required to file a response with the court or be defaulted, was November 25, 2015. On November 18, 2015, Carin filed her response, and on November 30, 2015, the court defaulted Matthew for failing to timely file his response, entering judgment against him in the total amount of $7,693.49. Two days later, on December 2, 2015, Matthew moved for reconsideration, asserting that a representative from the court's call center had informed his wife that he was not required to file a separate response due to the defendants' marital status and alleged joint liability. Matthew checked the box on the motion form indicating that the opposing party agreed with the relief requested in the motion. However, the plaintiff objected to the motion, and on January 4, 2016, the court denied the motion on the sole basis that, "based upon this objection, defendant's representation that plaintiff had agreed to his motion to reconsider, was a misrepresentation."

For reasons that are unclear on this record, the trial court did not thereafter schedule a hearing on the claim against Carin. Instead, on July 8, 2016, the court held a periodic payment hearing "to establish a payment order on [the] default judgment entered [against] the defendant Matt White on 11/30/2015." In its order, the court entered a default judgment against Carin in the same amount it had entered against Matthew, finding that she "did not file her response to the small claim complaint in a timely manner." The court ordered each defendant to pay $50.00 per month toward the judgment entered against them.

We first address the defendants' argument that the trial court erred in denying Matthew's motion for reconsideration of the default judgment entered against him. We note that the default entered against Matthew did not become a final and appealable "decision on the merits" for purposes of Rule 3 until the trial court had entered judgment against Carin, thereby finally resolving the claims against all parties to the action. See Germain v. Germain, 137 N.H. 82, 84 (1993). "We will uphold a trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion." Walker v. Walker, 158 N.H. 602, 607 (2009) (quotation omitted). "To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." Id. (quotation omitted). "Our inquiry is whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." Id. (quotation omitted).

In substance, the motion for reconsideration, filed only two days after the entry of default, sought to set the default aside on the basis that the parties had misunderstood that Carin's demand for a hearing would cover Matthew. The defendants were married, and there is no indication that the liability being asserted against them was anything other than joint. The trial court, however, denied the motion solely because Matthew had "misrepresented" the plaintiff's position as to the relief requested in the motion, and not based upon its merits. As discussed below, Carin had, in fact, timely filed a response to the small claim complaint and demand for a hearing, and there is nothing in the record indicating that the parties' misunderstanding as to Matthew's obligation to file a separate response by the return date caused the plaintiff any prejudice. Bearing in mind "[o]ur policy favoring resolution of disputes on their merits," American Express Travel v. Moskoff, 144 N.H. 190, 193 (1999), we conclude that, under the unique circumstances of this case, the trial court unsustainably exercised its discretion in denying the motion for reconsideration.

We next address the defendants' argument that the trial court erred in entering a default judgment against Carin. We will affirm the trial court's factual findings unless they are unsupported by the evidence and its legal rulings unless they are erroneous as a matter of law. Osman v. Gagnon, 152 N.H. 359, 361 (2005). At the July 8, 2016 hearing to establish a payment order against Matthew, the court deemed Carin to have defaulted, and entered a default judgment against her, after noting that she "did not file her response to the small claim complaint in a timely manner." However, the record provided on appeal, which includes a notice from the court confirming receipt of Carin's November 18, 2015 response to the small claim complaint, demonstrates that her response was timely.

Accordingly, we reverse the court's orders entering a default judgment against Carin, denying Matthew's motion for reconsideration of the default

2

judgment entered against him, and ordering both parties to make periodic payments, and we direct the trial court, upon remand, to hold a hearing on the merits of the plaintiff's claims.

In light of our decision, we need not address the defendants' remaining arguments.

<u>Reversed and remanded</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**