# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0041, <u>State of New Hampshire v. Joseph Sawyer</u>, the court on October 29, 2018, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Joseph Sawyer, appeals his conviction, following a jury trial in Superior Court (<u>Schulman</u>, J.), on a charge of misdemeanor theft by willful concealment. <u>See</u> RSA 637:3-a (2016). He contends that the trial court committed plain error when it did not instruct the jury that the value of the items taken had to be less than $1,000. <u>See</u> RSA 637:11, III (2016) (providing that "[t]heft constitutes a misdemeanor if the value of the property or services does not exceed $1,000").

The plain error rule allows us to consider errors that were not raised in the trial court. <u>State v. Pennock</u>, 168 N.H. 294, 310 (2015); <u>Sup. Ct. R.</u> 16-A. We apply the rule sparingly, limiting its use to those circumstances in which a miscarriage of justice would otherwise result. <u>Pennock</u>, 168 N.H. at 310. To reverse a trial court decision under the plain error rule: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. <u>Id</u>. For the purposes of the plain error rule, an error is plain if it was or should have been obvious in the sense that the governing law was clearly settled to the contrary. <u>Id</u>. When the law is not clear at the time of trial and remains unsettled at the time of appeal, a decision by the trial court cannot be plain error. <u>Id</u>.

In this case, the defendant argues that the value of the items taken is an element of misdemeanor theft by willful concealment. <u>Cf</u>. <u>State v. Hudson</u>, 151 N.H. 688, 690 (2005) (stating value of damage done not element of misdemeanor criminal mischief, although it is for more serious variants of the crime). However, he does not cite, nor are we aware of, any authority for this proposition. Instead, he analogizes to <u>State v. Nelson</u>, 150 N.H. 569 (2004), which involved receiving stolen property, <u>see</u> RSA 637:7 (2016), and in which, he argues, we "suggested that the State must prove <u>some</u> value." He also relies upon: (1) the fact that RSA 637:4 (2016), which defines theft by deception, explicitly does not require that the victim suffered an actual loss, RSA 637:4, IV; and (2) "the statutory scheme of Chapter 637." However, these arguments do not establish that the governing

law is clearly settled that the value of the items taken is an element of misdemeanor theft by concealment. Accordingly, we conclude that, even if the trial court erred by not instructing the jury that the value of the items taken had to be less than $1,000, such error was not plain. See Pennock, 168 N.H. at 310.

Furthermore, the defendant does not establish that the alleged error affected his substantial rights. Generally, to demonstrate that an error affected substantial rights, the defendant must show that the error was prejudicial, i.e., that it affected the outcome of the proceeding. State v. Guay, 164 N.H. 696, 704 (2013). The defendant argues that the lack of an instruction affected the outcome of the case "because no evidence was presented regarding value." However, a witness testified that the prices of the items the defendant concealed and removed from the store totaled $401.94. Moreover, from our review of the record, we conclude that the evidence against the defendant was overwhelming that the items stolen had some value. See State v. Lopez, 156 N.H. 416, 425 (2007) (concluding errors by prosecutor were not prejudicial in light of the overwhelming evidence on the issue that was presented at trial).

Based upon this record, we conclude that the trial court did not commit plain error. See Pennock, 168 N.H. at 310.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2