# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0158, <u>Gary Ferreira v. William McFadden</u>, the court on November 17, 2021, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Gary Ferreira, appeals the decision of the Superior Court (<u>Colburn</u>, J.), denying his motion to cure a default, arguing that the court's decision constitutes an unsustainable exercise of discretion. We agree, and reverse and remand.

On February 27, 2020, the plaintiff filed suit against the defendant, William McFadden, for injuries arising out of a July 29, 2017 motor vehicle accident, in which the defendant allegedly drove his vehicle through a red light and struck the plaintiff's vehicle on the driver's side door.

The court scheduled a telephonic structuring conference for September 1, 2020. Following an email exchange and a telephone call, counsel for the parties agreed on a stipulated structuring order in advance of the scheduled conference. The plaintiff's attorney filed the order electronically on August 31, 2020. Having filed the order, the attorney believed that his attendance at the conference was not required. <u>See</u> Comment to Superior Court Rule 5 (noting that the filing of a stipulated structuring conference order "eliminat[es] the need for a case structuring conference"). However, on September 1, 2020, the court notified the parties by email that the clerk's office rejected the order because it was not properly saved and "locked." When neither party appeared at the structuring conference, the trial court defaulted them and notified them that the failure to cure the default within thirty days by submitting a stipulated structuring order would result in dismissal. On October 21, 2020, the trial court, having received no response, dismissed the case.

On March 17, 2021, the plaintiff's attorney filed a motion to cure the default and an affidavit. According to the attorney, he did not notice the court's emails because they went directly into the "spam" folder on his iPad, which he had been using exclusively while working from home during the COVID-19 pandemic. He stated that he was not concerned by the lack of court notices because most of his cases were delayed due to the pandemic. The attorney stated that he was unaware of the court's emails until he returned to his office on March 12, 2021, noticed them in the inbox on his desktop computer, and promptly filed his motion to cure the default. By order dated March 23, 2021, the trial court denied the motion "for the reasons stated in the

[d]efendant's [o]bjection."  In his objection, the defendant asserted that he "is 77 years old and has been unfairly prejudiced/harmed in his defense by Plaintiff's counsel's delay."

We review the trial court's decision for an unsustainable exercise of discretion.  See DeButts v. LaRoche, 142 N.H. 845, 847 (1998); State v. Lambert, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).  "It is important that cases be decided on their merits, that a party have his day in court and that rules of practice and procedure shall be tools in aid of the promotion of justice rather than barriers and traps for its denial."  American Express Travel v. Moskoff, 144 N.H. 190, 193 (1999) (quotation omitted).

Based upon this record, we conclude that the trial court unsustainably exercised its discretion in denying the plaintiff's motion.  The plaintiff provided a reasonable excuse for his failure to respond to the court's notices, given the circumstances imposed by the pandemic.  Once the attorney became aware of the dismissal, he acted promptly.  Although the defendant asserts that he was prejudiced by an inability to conduct discovery, Superior Court Rule 5 provides that, "[t]he fact that a structuring conference has not yet been held or a case structuring order has not yet been issued does not preclude any party from pursuing discovery."  Accordingly, we reverse the trial court's decision and remand for further proceedings consistent with this order.

Reversed and remanded.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2